**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYSHON MALEKE HARMON, | No. 12-15780 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-04053-LHK |
| v. | |
| RICHARD MACK, Doctor, Salinas Valley State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Tyshon Maleke Harmon appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Mack, Pajong, Pompan, and Sevier because Harmon failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in treating his knee pain. *See id.* at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference requires "a purposeful act or failure to respond to a prisoner's pain or possible medical need").

The district court did not abuse its discretion by dismissing Harmon's deliberate indifference claims against the remaining defendants for failure to effect timely service under Fed. R. Civ. P. 4(m) because Harmon failed to show good cause why he did not provide the United States Marshal with accurate and sufficient information for these defendants. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (no abuse of discretion where plaintiff did not provide the Marshal with sufficient information to serve the defendant), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Lemoge v. United States,* 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) ("In addition to excusable

neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by granting a stay of discovery and denying Harmon's motions relating to discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (trial court has broad discretion to permit or deny discovery, and "its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (no abuse of discretion by staying discovery when the discovery could not have affected summary judgment).

The district court did not abuse its discretion by denying Harmon's motion for appointment of counsel because Harmon did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth the standard of review and explaining the "exceptional circumstances" requirement).

We do not consider issues not explicitly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**